## OPINION TO THE GOVERNOR.

MAY 28, 1928.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

May 28, 1928.

*To His Excellency Norman S. Case, Governor of the State of Rhode Island and Providence Plantations:*

We have received from Your Excellency a communication requesting our opinion upon the following questions, to wit:

"1. Does the claiming of and obtaining exemption from taxation under the provisions of Chapter 1025, Public Laws, 1927, operate to deprive the claimant of his right to vote in the election of the city council of any city or upon any proposition to impose a tax or for the expenditure of money in any town or city, neither the claimant nor his wife, if any, having any ratable estate in excess of the amount exempted?

"2. If the answer to the above question is in the affirmative, may such claimant claim and obtain exemption as to such portion of his ratable estate as will leave a sufficient balance upon which to qualify as a property voter (so-called) under the provisions of Section 1 of Article VII of the amendments to the Constitution of Rhode Island, neither the claimant nor his wife, if any, having ratable estate in excess of the permitted exemption total?

"3. If the answer to the first question is in the affirmative, is it necessary for such claimant to register in order to qualify to vote?"

The right to vote in the election of the city council of any city or upon any proposition to impose a tax or for the expenditure of money in any town or city arises from (1) ownership of real estate "valued at one hundred and thirty-four dollars," Constitution, Article II, Section 1, *In Re The Voting* List, 19 R. I. 614, or (2) from payment of a tax provided for in Article II, Section 2 of said article as amended in 1888 by Article of Amendment VII. Ownership not payment of the tax is the essential qualification in cases of real estate voters. *In re Realty Voters*, 14 R. I. 645. *State* v. *Rife*, 18 R. I. 596 (1894).

When a person seeks to qualify under the second method the right is created only by actual payment, within the year preceding the time he offers to vote, of the assessed tax due and payable within that year. *Andrews* v. *Sullivan*, 36 R. I. 137; *King* v. *Board of Canvassers*, 42 R. I. 41.

The answer, therefore, to the first question is that the owner of real estate claiming complete exemption from taxation under Public Laws, 1927, Chapter 1025, is not deprived of his right to vote by such claim; but one whose right to vote depends on payment of a personal property tax by claiming and accepting complete exemption deprives himself of the right to vote in the election of the city council of any city or upon any proposition to impose a tax or for the expenditure of money in any town or city.

The second and third questions may arise only concerning those whose right to vote depends on actual payment of a tax upon property of the value of one hundred and thirty-four dollars. We think the claimant may ask for partial exemption and leave a taxable balance sufficient to qualify him as a so-called property voter. The statute seeks to bestow a privilege upon certain persons for patriotic services. The words "shall be exempted from taxation to the amount of one thousand dollars," are mandatory only upon the assessors if claimant brings himself within the requirements for exemption. As applied to claimants they should be held to be permissive and not to require acceptance

of the largest exemption and deprivation of voting rights for certain officers.

Exemption is a personal privilege offered the claimant. *Morgan* v. *Louisiana*, 93 U. S. 217. *Wilson* v. *Gaines*, 103 U. S. 417. The right to exemption may be waived, *Central Pac. R. R. Co.* v. *Cal.*, 162 U. S. 91. We see no indication in the statute of intention to force the claimant to elect between all or none of the benefits of the exemption. The exemption is merely a deduction of an arbitrarily selected amount of otherwise taxable property. That it may apply only to part of claimant's property is illustrated in Chapter 1025 where the exemption is of one thousand dollars' worth of property when the claimant has more than that amount and less than five thousand dollars' worth, and in the apportionment of the exemption when claimant's property is taxable in more than one town or city.

The offer in Chapter 1025 requires action both by the claimant and by the tax assessors. The former has to present evidence that he is entitled to exemption and also a statement of his ratable property and the assessors have to consider such evidence and make the exemption. We think the voter may "claim and obtain exemption as to such portion of his ratable estate as will leave a sufficient balance upon which to qualify as a property voter (so-called) under the provisions of Section 1, Article VII of the amendments to the Constitution of Rhode Island."

The third question appears to concern the right to vote for general officers by one who might have qualified as a property voter by payment of a personal property tax but failed to do so. In several cases we have considered the transfer of names for a particular election from the property to the registry list. As applicable to the question now presented a person who has claimed exemption to such extent that he is not assessed on personal property and has not paid a current tax within one year prior to the time he desires to vote is not qualified to vote without registration. There is no provision whereby one whose name does not

appear upon the tax list may be placed without registration on the list of registry voters.

WILLIAM H. SWEETLAND,
CHARLES F. STEARNS,
ELMER J. RATHBUN,
JOHN W. SWEENEY,
CHESTER W. BARROWS.

*Erving T. Arnold, Deputy Judge Advocate, Department of Rhode Island, American Legion, for Veterans.*